IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

Civil Action No. 3:13-CV-00505-GCM

| | |
|---|---|
| **ROCKY SMITH**, et. al.<br><br>             Plaintiffs,<br><br>v.<br><br>**CITY OF CHARLOTTE**<br><br>             Defendant. | **DEFENDANT CITY OF CHARLOTTE'S ANSWER TO PLAINTIFFS' SECOND AMENDED AND SUPPLEMENTED COMPLAINT** |

Comes now Defendant City of Charlotte (hereinafter "Defendant") by and through undersigned counsel and files this Answer in response to the Plaintiffs' Second Amended Complaint.

## FIRST DEFENSE - MOTION TO DISMISS

The Amended Complaint filed herein fails to state a claim upon which relief can be granted against the answering defendant and, thus, should be dismissed with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## SECOND DEFENSE

Without waiving any defenses or motions, Defendant responds to the specifically numbered paragraphs of Plaintiffs' complaint. Any allegation that is not specifically admitted is hereby expressly denied.

1

1.     Defendant admits the allegations in Paragraph 1 of Plaintiffs' Amended and Supplemented Complaint

2.     Defendant admits that it is a municipal corporation organized by City Charter under Chapter 160A of the North Carolina General Statutes.  Defendant admits that in 1993 the Mecklenburg County Police Department and the Charlotte Police Department consolidated into a new police department that is operated and administered by the Defendant.  Defendant admits that the Charlotte Douglas International Airport (hereinafter "Airport") is currently an independently funded Department of the Defendant.

3.     Defendant denies the allegations set forth in Paragraph 3 of Plaintiffs' Amended and Supplemented Complaint.

4.     Defendant admits the allegations in Paragraph 4 of Plaintiffs' Amended and Supplemented Complaint.

5.     Defendant admits that Plaintiffs are employed by the Defendant and that they have obtained basic law enforcement certification. Defendant admits Plaintiffs performed limited police functions at the Airport, but denies any implication or inference that they performed or are performing the same police functions as a regular Charlotte-Mecklenburg Police Department (hereinafter CMPD) officer.

6.     Defendant admits that Plaintiffs are employed by the Defendant and that they have obtained basic law enforcement certification from the State of North Carolina.  Defendant admits that on December 15, 2012, the City Manager removed the command of the Airport Safety Officers from underneath the supervision of Jerry Orr, the former director of the Aviation Division, and placed the Airport Safety Officers under the supervision of the Chief of Police.

Defendant deny any implication or inference that the Airport Safety Officers were converted into regular Charlotte-Mecklenburg Police Officers.

7.      Defendant admits that the Airport and CMPD are Departments within in the Defendant's organizational structure.  However, Defendant denies any implication or inference that they operate in a similar fashion as the Airport is independently funded and expenditures are in part controlled by Federal Regulations.

7a.      Defendant admits the allegations in paragraph 7a of Plaintiffs' Amended and Supplemented Complaint.

8.      Defendant admits that the Charlotte-Mecklenburg Police Department assisted the Aviation Division with the hiring and supervision of the Airport Officers prior to December 15, 2012, at the request of Aviation Management and the Human Resource Division.  Defendant denies that there was a formal or informal consolidation, conversion or merger of Airport Safety Officers as Charlotte-Mecklenburg Police Officers.  Defendant admits that Airport Safety Officers are now under the supervision and authority of the Chief of Police.

9.      Defendant admits that some of the Plaintiffs worked with federal agencies to implement federally required security procedures specific to the Airport.  Prior to December 15, 2012, any training requirements were mandated by Airport management personnel.  Defendant admits that after December 15, 2013, some of the training requirements for Airport Safety Officers were implemented by CMPD.

10.      Defendant admits that Plaintiffs attended state mandated training in order to keep their state certification, but deny that CMPD required them to attend training.  CMPD admits that it agreed to allow them to train with CMPD officers so that Plaintiffs could meet state mandated training standards.  Defendant denies any implication or inference that allowing Plaintiffs to train

with CMPD officers converted their status from an Airport Safety Officer into a CMPD officer or that it is a factor that in part converted Plaintiffs into a CMPD officer.

11.     Defendant denies the allegations contained in Paragraph 11 of Plaintiffs' Amended and Supplemented Complaint.

12.     Defendant admits that a Captain was assigned to the Airport in 2004, but denies this was a unilateral decision on behalf of the CMPD as the assignment was at the request of Airport Management.  At all times ultimate supervision of Airport Safety Officers remained with the Airport Management.

13.     Defendant denies the allegations contained in Paragraph 13 of Plaintiffs' Amended and Supplemented Complaint.

14.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 14 of Plaintiffs' Amended and Supplemented Complaint and they are, therefore, denied.

15.     Defendant admits that two Captains were promoted to the rank of Major and that they had been assigned to the Airport, but denies any implication that their promotion was as a result of working at the Airport.

16.     Defendant denies the allegations as stated in Paragraph 16 of Plaintiffs' Amended and Supplemented Complaint, but admits that an officer's work record is just one of the factors taken into consideration.

17.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 17 of Plaintiffs' Amended and Supplemented Complaint and they are, therefore, denied.

18.     Defendant admits that some of the Plaintiffs were mistakenly evaluated under CMPD performance standards, but denies that all Plaintiffs met or exceeded in all work performance categories.

19.     Defendant denies the allegations contained in Paragraph 19 of Plaintiffs' Amended and Supplemented Complaint.

20.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 20 of Plaintiffs' Amended and Supplemental Complaint and they are, therefore, denied.

21.     Defendant admits that a CMPD Captain was present for portions of the hiring process along with City Human Resource personnel and Airport employees, but denies that the Captain had the power to hire or reject an applicant or that the candidates for Airport Safety Officer were being evaluated by CMPD standards.

22.     Defendant admits that Airport Safety Officers are police officers as defined by North Carolina State Statutes, but denies any inference that their job description and duty assignment were equivalent to CMPD officers.

23.     Defendant admits that Airport Safety Officers worked with federal security officials. Defendant denies any inference or implication that Airport Safety Officers were converted into CMPD officers or that Plaintiffs work experience is equivalent to that of CMPD officers.  Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 23 of Plaintiffs' Amended and Supplemental Complaint and they are, therefore, denied.

24.     Defendant admits that some Airport Safety Officers may have received federal training, but denies any implication that the training is the equivalent to the training that CMPD officers receive.

25.     Defendant admits that some Airport Safety Officers may have received training certificates, but Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 25 of Plaintiffs' Amended and Supplemented Complaint and they are, therefore, denied.

26.     Defendant admits that some Airport Safety Officers may have participated in seizures of cash. However, Defendant denies any implication that by seizing evidence the Airport Safety Officers were performing the same or the equivalent functions of regular CMPD officers.

27.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 27 of Plaintiffs' Amended and Supplemented Complaint and they are, therefore, denied.

28.     Defendant admits the allegations contained in Paragraph 28 of Plaintiffs' Amended and Supplemented Complaint.

29.     Defendant admits the allegations contained in Paragraph 29 of Plaintiffs' Amended and Supplemented Complaint.

30.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 30 of Plaintiffs' Amended and Supplemented Complaint and they are, therefore, denied.

31.     Defendant admits that Explosive Ordinance Disposal, (EOD), K-9's are occasionally requested to assist CMPD with bomb calls, but Defendant is without knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 31 of Plaintiffs' Amended and Supplemented Complaint and they are, therefore, denied.

32.     Defendant admits that functional consolidation of the Airport Security Officers under CMPD was discussed at a City Council meeting on November 12, 2012, and that some council members asked questions about operational protocol, but deny that they asked how this "CMPD division" would operate.

33.     Defendant admits that Deputy Chief Putney addressed operational issues related to providing security at the Airport during the City Council meeting held on  November 12, 2012, but denies any implication that Chief Putney recommended that Airport Safety Officers were to automatically become regular CMPD officers.

33.a.   Defendant admits that Deputy Chief Putney addressed operational issues related to providing security at the Airport during the City Council meeting held on  November 12, 2012 but denies any implication that Chief Putney recommended that Airport Safety Officers were to automatically become regular CMPD officers.

34.     Defendant admits the City Manager's decision occurred approximately two years after the death of Delvonte Tisdale.

35.     Defendant admits that CMPD along with TSA, FAA and the Boston Police Department conducted an investigation into the death of Delvonte Tisdale.   The investigation concluded that Mr. Tisdale most likely fell from the wheel well of a jet airliner which flew from Charlotte to Boston.

36.     Defendant admits that because of the death of Mr. Tisdale it also conducted a security review of the Airport and portions of the review contain Sensitive Security Information.

37.    Defendant admits that Director Orr took "issue" with the Summary as he did not ask for a review of security protocols at the airport and that the major who wrote the report reached beyond his "ken."

38.    Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 38 of Plaintiffs' Amended and Supplemented Complaint and they are, therefore, denied.

38.a.    Defendant admits that the City Council minutes from the November 12, 2012, meeting indicate that the City Manager was proposing adding 17 positions at the Airport but is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 38a of Plaintiffs' Amended and Supplemented Complaint and they are, therefore, denied.

38.b.    Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 38b of Plaintiffs' Amended and Supplemented Complaint and they are, therefore, denied.

38.c.    Defendant admits that the City Council minutes from the November 12, 2012, meeting indicate that the City Manager discussed the number of positions and the source of the funding as coming from Airport Revenues and that the positions had been budgeted in June 2011.

38.d.    Defendant admits that the City Council minutes from the November 12, 2012, meeting indicate that the City Manager told Council that he had not discussed his decision to add 17 positions with the airlines.

38.e.    Defendant admits that the City Council minutes from the November 12, 2012, meeting indicate that Deputy Chief Putney stated the following: "Councilmember Fallon said

why haven't you hired the 17 officers yet and he second part of that, can you train the officers in place now to do the kind of policing you want? Deputy Chief Putney said absolutely. First of all we manage the training, we deliver the training for the Airport Officers currently and increasing that training, enhancing any training needs we can handle that in house. Regarding the first question we don't have budgetary control so we can't hire. That was operationally a function that fell under the Airport."

38f.     Defendant admits that the City Council minutes from the November 12, 2012, meeting indicates that Deputy Chief Putney stated the following: "Ms. Fallon said they will still be considered as regular police. They won't be considered like Airport Police or something, they will be considered part of your contingent? Deputy Chief Putney said the functional consolidation means that they all under CMPD and we are working through exactly what that means, but what I can tell you is that none of the 40 plus officers there will lose their jobs. Ms. Fallon said in other words they could be interchangeable with the street guys? Deputy Chief Putney said that is something we are working through because there is a lot of legal aspects that are in play with the Charter. We are still working through that but there is a function there at the Airport that would not change for our people currently employed. We would just try to increase and enhance the ability to expand to your point so that those who want to and have the capacity could do what all of our officers do all over the City. They would have an opportunity to transfer at that point."

39.     Defendant admits that Airport officers are paid under the "broadband" pay plan and that all full time civilian employees working for Defendant are paid under a "broadband" pay plan. Defendant denies the remaining allegations in Paragraph 39 of Plaintiffs' Amended and Supplemented Complaint.

40. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 40 of Plaintiffs' Amended and Supplemented Complaint and they are, therefore, denied.

41. Defendant admits that CMPD officers, sergeants and lieutenants are paid pursuant to the Public Safety Pay Plan. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 41 of Plaintiffs' Amended and Supplemented Complaint and they are, therefore, denied.

42. Defendant denies the allegations contained in Paragraph 42 of Plaintiffs' Amended and Supplemented Complaint.

43. Defendant denies the allegations contained in Paragraph 43 of Plaintiffs' Amended and Supplemented Complaint.

44. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 44 of Plaintiffs' Amended and Supplemental Complaint and they are, therefore, denied.

45. Defendant denies the allegations contained in Paragraph 45 of Plaintiffs' Amended and Supplemented Complaint. Any statements about increased costs were related to increasing the number of employees working at the Airport and had nothing to do with folding Airport Safety Officers into the public safety plan.

46. Defendant denies the allegations contained in Paragraph 46 of Plaintiffs' Amended and Supplemented Complaint.

47. Defendant admits that a CMPD captain was assigned to assist with supervision of Airport Safety Officers in 2004.

48.     Defendant admits that a Sergeant was assigned to the Airport around this time period, but denies it was a step toward converting the Airport Safety Officers into regular CMPD officers.

49.     Defendant admits that Wilson and Parker were Airport Police Officers with the title of Lieutenant. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 49 of Plaintiffs' Amended and Supplemented Complaint and they are, therefore, denied.

50.     Defendant admits the allegations Paragraph 50 of Plaintiffs' Amended and Supplemented Complaint.

51.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 51 of Plaintiffs' Amended and Supplemented Complaint and they are, therefore, denied.

52.     Defendant admits that Chief met with Airport Safety Officers, but denies the remaining allegations contained in Paragraph 52 of Plaintiffs' Amended and Supplemented Complaint.

53.     Defendant admits that Chief met with Airport Safety Officers and welcomed into the "CMPD family" but denies any implication that he was automatically converting them to regular CMPD officers. The Chief of Police has made the same comments to almost every employee be they civilian or sworn when he meets them for the first time.

53.a.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 53.a of Plaintiffs' Amended and Supplemented Complaint and they are, therefore, denied.

54. Defendant admits the allegations contained in Paragraph 54 of Plaintiffs' Amended and Supplemented Complaint, but denies any inference that Plaintiffs were being folded into the Public Safety Pay Plan or were transformed or converted into regular CMPD officers.

55. Defendant admits the allegations contained in Paragraph 55 of Plaintiffs' Amended and Supplemented Complaint but denies any inference that Plaintiffs were being folded into the Public Safety Pay Plan or were transformed or converted into regular CMPD officers: clerical employees simply checked the wrong box.

56. Defendant admits that the Airport Safety Officers were appointed by and through the Airport but deny the remainder of the allegations in Paragraph 56 of Plaintiffs' Amended and Supplemented Complaint.

57. Defendant admits the City Manager transferred the Airport Safety Officers to be under the command of the Chief of Police for the Charlotte-Mecklenburg Police Department but denies any inference that Plaintiffs were assigned to perform regular CMPD duties or where converted to regular CMPD officers.

58. Defendant admits that Plaintiffs were sworn in but denies any inference that Plaintiffs were assigned to perform regular CMPD duties or where converted into regular CMPD officers.

58.a. Defendant admits that Plaintiffs were sworn in and that their names were submitted to the civil service board but denies that they were assigned to perform regular CMPD duties. Plaintiffs have been and still are a separate division of sworn officers whose only duties and functions were then and now to provide security at the airport.

59.     Defendant admits that the Plaintiffs continued in the same assignments as they did at the airport prior to being placed under the Chief of Police.  The reason for reporting to work at the Old Academy was because there was insufficient office and meeting space at the Airport. Defendant denies any implication that temporarily moving to the old Academy establishes or implies that Airport Safety Officers were folded or transformed into regular CMPD officers.

60.     Typographical error – numbering skips paragraph 60.

61.     Defendant admits that Plaintiffs temporarily drove from the Old Academy to the Airport in CMPD vehicles but only because they did not have sufficient Airport vehicles to assist with transportation – the need for which was created by insufficient space at the Airport.

62.     Defendant admits that there were a few instances that Airport Safety Officers were dispatched to locations just off Airport property primarily because CMPD modified the airport boundary lines when it inserted the new boundaries into the CMPD Computer Assisted Dispatch program.  Defendant denies any implication that assignment of a few isolated calls establishes or implies that the Airport Officers were folded or transformed into regular CMPD officers.

62.a.    Defendant admits that it invited Plaintiffs to participate in the CMPD pledge fund since they were now working as Airport Safety Officers under the command of the Chief of Police.  Defendant denies any implication that participation in the CMPD pledge fund establishes or implies that the Airport Officers were folded or transformed into regular CMPD officers.

62.b.    Defendant admits that some Plaintiffs enrolled in the CMPD pledge fund but denies that the pledge fund is run or sponsored by the City. Defendant has insufficient knowledge to admit or deny whether the fund is a binding contract.

62.c.    Defendant denies that it sanctioned or chose a uniform for airport officers.

62.d.   Defendant denies that it ordered or approved ordering new uniforms and denies that any actions it took were related to "dramatic turns" at the airport.

63.    Defendant denies the allegations in Paragraph 63 of Plaintiffs' Amended and Supplemented Complaint.

64.    Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 64 of Plaintiffs' Amended and Supplemented Complaint and they are, therefore, denied.

65.    Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 65 of Plaintiffs' Amended and Supplemented Complaint and they are, therefore, denied.

66.    Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 66 of Plaintiffs' Amended and Supplemented Complaint and they are, therefore, denied.

67.    Defendant admits it provided arrest statistics, but denies it was in response to a "public relations battle."

68.    Defendant admits several state legislatures introduced legislation establishing an independent regional airport authority but is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 68 of Plaintiffs' Amended and Supplemented Complaint and they are, therefore, denied.

69.    Defendant denies the allegations in Paragraph 69 of Plaintiffs' Amended and Supplemented Complaint.

69.a.   Defendant admits the allegations contained in Paragraph 69.a of Plaintiffs' Amended and Supplemented Complaint, but denies any implication that it is related to this lawsuit.

69.b.   Defendant admits the allegations contained in Paragraph 69.b of Plaintiffs' Amended and Supplemented Complaint, but denies any implication that it is related to this lawsuit.

69.c.   Defendant admits the Airport Director was replaced after he resigned  but denies the remaining allegations in Paragraph 69.c of Plaintiffs' Amended and Supplemented Complaint.

69.d.   Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 69.d of Plaintiffs' Amended and Supplemented Complaint and they are, therefore, denied.

69.e.   Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 69.e of Plaintiffs' Amended and Supplemented Complaint and they are, therefore, denied.

70.   Defendant denies the allegations in Paragraph 70 of Plaintiffs' Amended and Supplemented Complaint.

71.   Defendant admits that there was an application process to become CMPD officers but denies that the swearing in or F-5 designation transformed Plaintiffs into regular CMPD officers.

72.   Defendant admits that time spent working as an Airport Safety Officer was and is not considered for purposes of a lateral transfer as a CMPD officer and salary placement under the Public Safety Placement.  Defendant admits that CMPD's lateral transfer program requires

that an officer requesting lateral entry have full time service experience with their current agency. Airport Safety Officers have some expertise in specific functions related to providing security at the Airport. However, Airport Safety Officers have limited or no experience in the following areas: general patrol tactics in a major metropolitan city; street crime investigations; major felony criminal investigations; emergency response and pursuit driving; community oriented policing; traffic investigations, stop and frisk, knock and talks, DUI checkpoints, consensual encounters, felony traffic stops, use of force; analyzing crime statistics and crime trends; problem oriented policing; and interaction with a diverse population.

73. Defendant admits that time spent working as an Airport Safety Officer was and is not considered for purposes of a lateral transfer as a CMPD officer and salary placement under the Public Safety Placement. Defendant admits that CMPD's lateral transfer program requires that an officer requesting lateral entry have full time service experience with their current agency. Airport Safety Officers have some expertise in specific functions related to providing security at the Airport. However, Airport Safety Officers have limited or no experience in the following areas: general patrol tactics in a major metropolitan city; street crime investigations; felony criminal investigations; emergency response and pursuit driving; community oriented policing; traffic investigations, stop and frisk, knock and talks, DUI checkpoints, consensual encounters, felony traffic stops, use of force; analyzing crime statistics and crime trends; problem oriented policing; and interaction with a diverse population.

74. Defendant admits that if the Airport Safety Officer did not have specified experience it would have to attend the CMPD recruit academy and successfully complete training under a patrol training officer. Defendant denies any inference that the reason the Plaintiffs refused to apply for this option is related to this requirement.

75.     Defendant admits the allegations in Paragraph 75 of Plaintiffs' Amended Complaint.  Airport Safety Officers have some expertise in specific functions related to providing security at the Airport.  However, Airport Safety Officers have limited or no experience in the following areas: general patrol tactics in a major metropolitan city; street crime investigations; felony criminal investigations; emergency response and pursuit driving; community oriented policing; traffic investigations, stop and frisk, knock and talks, DUI checkpoints, consensual encounters, felony traffic stops, use of force; analyzing crime statistics and crime trends; problem oriented policing; and interaction with a diverse population.

76.     Defendant admits that rank with a previous agency is not taken into consideration for entry into the recruit academy.  Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 76 of Plaintiffs' Amended and Supplemented Complaint and they are, therefore, denied.

77.     Defendant admits that Plaintiff Hare is an experienced explosives handler but denies that is being forced to give up a property right.  He can apply to the Academy to become a regular CMPD officer or apply under the revised lateral transfer program that does not require a physical stamina test.  Upon completion of the Academy or lateral transfer he may or may not be assigned to a canine unit.  He might be assigned to patrol or any other function based upon the needs of the Department.  No CMPD officer is guaranteed a particular position within the Department.  He can also elect to become a member of the corporate security force at a higher rate of pay.  Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 77 of Plaintiffs' Amended and Supplemented Complaint and they are, therefore, denied.

78. Defendant admits that Plaintiffs Cudd, Blanton, and Bassell have no other experience in law enforcement other than what they have acquired at the Airport. Defendant has modified its requirements for a lateral entry by removing the two year requirement. Defendant denies the remaining allegations in Paragraph 78 of Plaintiffs' Amended and Supplemented Complaint.

79. Defendant admit that some Airport Safety Officers requested and were permitted to obtain Police Training Officer (PTO) certification and Field Training Officer (FTO) certification. Defendant has modified its requirements for a lateral entry by removing the two year requirement. Defendant denies the remaining allegations in Paragraph 78 of Plaintiffs' Amended and Supplemented Complaint.

80. Defendant admit that some Airport Safety Officers requested and were permitted to obtain Police Training Officer (PTO) certification and Field Training Officer (FTO) certification. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 80 of Plaintiffs' Amended and Supplemented Complaint and they are, therefore, denied.

81. Defendant admit that some Airport Safety Officers were permitted to obtain certification to be a Police Training Officer (PTO) and Field Training Officer (FTO). Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 81 of Plaintiffs' Amended and Supplemented Complaint and they are, therefore, denied.

82. Defendant admit that some Airport Safety Officers were permitted to obtain Police Training Officer (PTO) certification and Field Training Officer (FTO) certification. Defendant is without knowledge or information sufficient to form a belief as to the truth or

falsity of the remaining allegations contained in Paragraph 82 of Plaintiffs' Amended and Supplemented Complaint and they are, therefore, denied.

83.     Defendant admit that some Airport Safety Officers were permitted to obtain Police Training Officer (PTO) certification and Field Training Officer (FTO) certification. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 83 of Plaintiffs' Amended and Supplemented Complaint and they are, therefore, denied.

84.     Defendant admits that Airport Safety Officers who obtained PTO and FTO certification were permitted to train new Airport Safety Officers however they did not rely on or use CMPD PTO training manuals as those manuals were only applicable to full time police officers.

85.     Defendant admits that after December 15, 2012, PTO training for Airport Safety Officers was not taken into consideration.   Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 85 of Plaintiffs' Amended and Supplemented Complaint and they are, therefore, denied.

86.     Defendant denies that only those Airport Safety Officers who applied laterally would be entitled to civil service protection as all Airport Safety Officers names were submitted to the Civil Service Board.   Defendant admits that once approved by the Board, all Airport Safety Officers are subject to a one year probationary period.

87.     Defendant denies the allegations contained in Paragraph 87 of Plaintiffs' Amended and Supplemented Complaint.

88.     Defendant denies the allegations contained in Paragraph 88 of Plaintiffs' Amended and Supplemented Complaint.

89.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 89 of Plaintiffs' Amended and Supplemented Complaint and they are, therefore, denied.

90.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 90 of Plaintiffs' Amended and Supplemented Complaint and they are, therefore, denied.

91.     Defendant denies the allegations contained in Paragraph 91 of Plaintiffs' Amended and Supplemented Complaint.

92.     Defendant denies the allegations contained in Paragraph 92 of Plaintiffs' Amended and Supplemented Complaint.

93.     Defendant denies the allegations contained in Paragraph 93 of Plaintiffs' Amended and Supplemented Complaint.

94.     Defendant denies it claimed that Airport Safety Officers were not competent or professional as Airport Safety Officers.  However, Defendant admits that the requirements for a regular CMPD officer are different and more diverse than for Airport Safety Officer.  Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 94 of Plaintiffs' Amended and Supplemented Complaint and they are, therefore, denied.

95.     Defendant denies the allegations contained in Paragraph 95 of Plaintiffs' Amended and Supplemented Complaint.

96.     Defendant denies the allegations contained in Paragraph 96 of Plaintiffs' Amended and Supplemented Complaint.

97.     Defendant admits that Plaintiffs were sworn in but denies that Plaintiffs were told they had to apply to CMPD.  Airport Safety Officers were consistently advised they could remain as Airport Safety Officers or apply to CMPD.

98.     Defendant admits that regular CMPD officers have been temporarily assigned to assist Airport Safety Officers until additional Airport Safety Officers are hired to ensure adequate security at the Airport.

99.     Defendant denies the allegations contained in Paragraph 99 of Plaintiffs' Amended and Supplemented Complaint.

100.     Defendant admits that after listening to concerns raised by the Airport Safety Officers it revised the lateral entry requirements for Airport Safety Officers to provide them additional opportunities to become CMPD officers.  The plan also provided them with additional pay during and after successfully completing requisite training.

101.     Defendant denies the allegations contained in Paragraph 101 of Plaintiffs' Amended and Supplemented Complaint.

102.     Defendant admits that they were sworn in but denies that swearing in automatically converted the Airport Safety Officers into CMPD officers.  The swearing in was conducted to ensure that no issues related to jurisdiction would be raised by criminal defense attorneys since CMPD now holds their certification.  The swearing in process did not change their job classification which was and still is Airport Safety Officer.

103.    Defendant admits that Airport Safety Officers are certified by the State, but denies that their certification which is now held by CMPD changed their job classification from Airport Safety Officer to CMPD Police Officer.

104.    Defendant admits the allegations contained in Paragraph 104 of Plaintiffs' Amended Complaint, but denies that any of these facts change the Airport Safety Officers job classification from Airport Safety Officer to CMPD police officer. Numerous civilians, animal control officers, and volunteers who have limited enforcement authority drive CMPD issued vehicles to a division office every day and report directly to the CMPD chain of command, but their job classification or status is not converted to a CMPD police officer simply because they work under the CMPD chain of command.

105.    Defendant denies that Airport Safety Officers routinely responded to calls at locations outside of the Airport. Based on legal advice from the lead attorney for the Airport, federal law prohibited the use of Airport Safety Officers for police functions unrelated to the Airport. Any exceptions to this rule occurred either because a location was incorrectly entered as inside the boundaries of the Airport boundary or an Airport Safety Officer were conducting a follow up investigation where the crime occurred on Airport property.

106.    Defendant admits the allegations in Paragraph 106 of Plaintiffs' Amended and Supplemented Complaint.

107.    Defendant denies the allegation in Paragraph 107 of Plaintiffs' Amended and Supplemented Complaint.

108.    Defendant denies the allegations in Paragraph 108 of Plaintiffs' Amended and Supplemented Complaint: Two years of qualifying experience is required to be eligible for

lateral entry into CMPD as a CMPD officer but entry into a regular recruit class does not require prior qualifying experience.

109. Defendant admits that if an Airport Safety Officer lacked requirements set forth in the AIED, then the applicant would have to complete the 24 week basic training academy. However, under the current proposal training requirements will be on a case by case basis and there is no 24 week minimum training requirement.

110. Defendant admits the allegations in Paragraph 110 of Plaintiffs' Amended and Supplemented Complaint. Prior to December 12, 2012, Airport Safety Officers were not paid for PTO training at the Airport. To the extent it is implied that PTO/FTO certification somehow changes the job classification of an Airport Safety Officer, it is denied.

111. Defendant denies that Plaintiffs were evaluated as CMPD officers, but admits that they were evaluated as Airport Safety Officers with CMPD evaluation forms reviewed by both CMPD and Airport Safety Officers II.

112. Defendant admits Plaintiffs were evaluated as Airport Safety Sergeants but deny that such an evaluation converts them into CMPD officers or Sergeants.

113. Defendant denies the allegations in Paragraph 113 of Plaintiffs' Amended and Supplemented Complaint. No Airport Safety Officer was required to "join" CMPD and the names of those Airport Safety Officers who chose to remain as Airport Safety Officers were also submitted to the Civil Service Board.

114. Defendant denies the allegations in Paragraph 114 of Plaintiffs' Amended and Supplemented Complaint. The order states nothing about the illegality of the Civil Service provision but held that an Airport Safety Officer was entitled to a hearing before the Civil Service Board. Said order has been appealed to the North Carolina Court of Appeals.

114.a. Defendant admits the allegations in Paragraph 114a of Plaintiffs' Amended and Supplemented Complaint.

115. Defendant admits AIEP plan increased the salary of Airport Safety Officers, but denies any implication that the City is somehow unjustly enriched or that Airport Safety Officers have been unfairly or arbitrarily treated or classified by the Defendant.

116. Defendant admits the allegations in Paragraph 116 of Plaintiffs' Amended and Supplemented Complaint.

117. Defendant denies the allegations in Paragraph 117 of Plaintiffs' Amended and Supplemented Complaint. An Airport Safety Officer is placed at the next higher step from his/her current salary when they enter the academy. After completion of training at the academy they receive compensation for any qualifying education benefits. Upon completion of the PTO program they receive an additional step increase.

118. Defendant admits that it does not give credit for Plaintiffs' "rank" that was obtained as an Airport Safety Officer or from any other officer applying from within or outside of the State of North Carolina. Defendant has hired high ranking members of the military, former members of the FBI and secret service, sheriffs' departments, Department of Corrections, and professionals such as lawyers and accountants all of which, if they are not eligible for lateral transfer, start at entry level recruit pay and must successfully complete the entire academy before starting their field training phase.

119. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 119 of Plaintiffs' Amended and Supplemented Complaint and they are, therefore, denied.

120.     Defendant denies any "glaring" pay disparity and denies that Plaintiffs have virtually identical years of experience.  Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 120 of Plaintiffs' Amended and Supplemented Complaint and they are, therefore, denied.

121.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 121 of Plaintiffs' Amended and Supplemented Complaint and they are, therefore, denied.

122.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 122 of Plaintiffs' Amended and Supplemented Complaint and they are, therefore, denied.

123.     Defendant denies that Plaintiffs Parker and Wilson are similarly situated as CMPD sergeants and as such would "remain far behind" in pay.

124.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 124 of Plaintiffs' Amended and Supplemented Complaint and they are, therefore, denied.

125.     Defendant admits that it, on occasions, requested mutual assistance from Airport Safety Officers including assistance with explosion detection particularly during the DNC.

126.     Defendant denies that CMPD officers and the Airport Safety Officers have similar or comparable job descriptions.  Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 126 of Plaintiffs' Amended and Supplemented Complaint and they are, therefore, denied.

127. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 127 of Plaintiffs' Amended and Supplemented Complaint and they are, therefore, denied.

128. Defendant admits they do not receive credit but deny any implication that requirements under the AIEP are irrational or arbitrary.

129. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 129 of Plaintiffs' Amended and Supplemented Complaint and they are, therefore, denied.

130. Defendant admits that these Plaintiffs do not receive full work experience credit for state certifications. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 130 of Plaintiffs' Amended and Supplemented Complaint and they are, therefore, denied.

131. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 131 of Plaintiffs' Amended and Supplemented Complaint and they are, therefore, denied.

132. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 132 of Plaintiffs' Amended and Supplemented Complaint and they are, therefore, denied.

133. Defendant denies its dispatch rule is absurd, but is consistent with the job descriptions of an Airport Safety Officers and with the general practice put in place by management for the Airport prior to the City Manager placing the Airport Safety Officers under the command of CMPD. Defendant is without knowledge or information sufficient to form a

belief as to the truth or falsity of the remaining allegations contained in Paragraph 133 of Plaintiffs' Amended and Supplemented Complaint and they are, therefore, denied.

134. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 134 of Plaintiffs' Amended and Supplemented Complaint and they are, therefore, denied.

135. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 135 of Plaintiffs' Amended and Supplemented Complaint and they are, therefore, denied.

136. Defendant admits that hiring and retention of qualified officers is part of a liability analysis.

137. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 137 of Plaintiffs' Amended and Supplemented Complaint and they are, therefore, denied.

138. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 138 of Plaintiffs' Amended and Supplemented Complaint and they are, therefore, denied.

139. Defendant can neither admit nor deny this paragraph as it not an allegation appropriate in a complaint.

140. Defendant admits the allegations in Paragraph 140 of Plaintiffs' Amended and Supplemented Complaint. Civilians, animal control officers and volunteers also receive many of the modules mentioned in paragraph 140 of Plaintiffs' Amended and Supplemented Complaint.

141. Defendant admits the allegations in Paragraph 141 of Plaintiffs' Amended and Supplemented Complaint.

142. Defendant denies the allegations in Paragraph 142 of Plaintiffs' Amended and Supplemented Complaint.

143. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 143 of Plaintiffs' Amended and Supplemented Complaint and they are, therefore, denied.

144. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 144 of Plaintiffs' Amended and Supplemented Complaint and they are, therefore, denied.

145. Defendant denies the allegations in Paragraph 145 of Plaintiffs' Amended and Supplemented Complaint.

146. Defendant admits that the cutoff date under AIEP was September 3, 2013, but deny that it the current process in place assisting Airport Safety Officers from becoming CMPD officers.

147. Defendant denies that any Airport Safety Officer has been placed under scrutiny because of filing a lawsuit or that any Airport Safety Officer has received unwarranted discipline.

148. Defendant denies that any Airport Safety Officer has been placed under scrutiny because of filing a lawsuit or that any Airport Safety Officer has received unwarranted discipline.

149. Defendant adopts and incorporates by reference its previous response to each and every allegation re-alleged in Paragraph 149 of Plaintiffs' Amended Complaint.

150. Defendant admits sending out proposals for a consultant to study best practices. Defendant is without knowledge or information sufficient to form a belief as to the truth or

falsity of the remaining allegations contained in Paragraph 150 of Plaintiffs' Amended and Supplemented Complaint and they are, therefore, denied.

151.    Defendant admits it did not receive a response its request for bids but does the remainder of allegations set forth in Paragraph 151 of Plaintiffs Amended and Supplemented Complaint.

152.    Defendant admits there was a meeting on that date discussing the corporate security model and that these positions would be classified as civilian.  Defendant denies the remainder of the allegations in Paragraph 152 of Plaintiffs' Amended and Supplemented Complaint.

153.     Defendant admits that March 28, 2014, was the initial transition date.  Currently it is reviewing implementation of several options as to how it will address the unique security issues at the Airport including a corporate security model.  Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 153 of Plaintiffs' Amended and Supplemented Complaint and they are, therefore, denied.

154.    Defendant denies the allegations in Paragraph 154 of Plaintiffs' Amended Complaint and Supplemented Complaint as Plaintiffs are still employed as Airport Safety Officers.

155.    Defendant admits that the Airport will be deploying a civilian corporate security model.  Plaintiffs will have the option of joining the corporate security model or lateraling over to CMPD if they meet certain requirements.

156.    Defendant denies the allegations in Paragraph 156 of Plaintiffs' Amended and Supplemented Complaint.

157.     Defendant denies the allegations in Paragraph 157 of Plaintiffs' Amended and Supplemented Complaint.

158.     Defendant admits that deploying a corporate security model in conjunction with full time fully trained CMPD officers assigned specific law enforcement functions is the best security model for the Airport.

159.     Defendant denies the allegations in Paragraph 159 of Plaintiffs' Amended and Supplemented Complaint.

160.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 160 of Plaintiffs' Amended and Supplemented Complaint and they are, therefore, denied.

161.     Defendant admits there was a meeting advising Plaintiffs about the City's decision but denies the remainder of allegations in Paragraph 161 of Plaintiffs' Amended and Supplemented Complaint.

162.     Defendant denies the allegations in Paragraph 162 of Plaintiffs' Amended and Supplemented Complaint.

163.     Defendant admits the allegations in Paragraph 163 of Plaintiffs' Amended and Supplemented Complaint.

164.     Defendant admits that if the Airport Safety Officers elect to become corporate security guards that they will no longer be police officers working for the City.  Defendant denies that they will suffer significant economic consequences.

165.     Defendant denies the allegations in Paragraph 165 of Plaintiffs' Amended and Supplemented Complaint.

166.     Defendant denies the allegations in Paragraph 166 of Plaintiffs' Amended and Supplemented Complaint.

167.     Defendant admits that Plaintiffs will lose their certification a year after they cease being employed as Airport Safety Officers unless they become regular CMPD officers. Defendant now has agreed to look at each person seeking full time status as a CMPD officer on a case by case basis rather than relying on certain across the board requirements. Defendant denies that "only on a case by case basis" is somehow a detriment to Plaintiffs possibly becoming employed by CMPD as regular CMPD officer.

168.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 168 of Plaintiffs' Amended and Supplemented Complaint and they are, therefore, denied.

169.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 169 of Plaintiffs' Amended and Supplemented Complaint and they are, therefore, denied.

170     Defendant admits that the Charter does not specifically address re-classification but nothing will prevent Plaintiffs from seeking a hearing before the Civil Service. It is unclear whether the Board will grant such a request.

171.     Defendant denies the allegations in Paragraph 166 of Plaintiffs' Amended and Supplemented Complaint.

172.     Paragraph 172 of Plaintiffs' Amended and Supplemented Complaint does not call for a separate response.

173.     Defendant denies the allegations in Paragraph 173 of Plaintiffs' Amended and Supplemented Complaint.

174. Defendant denies the allegations in Paragraph 174 of Plaintiffs' Amended and Supplemented Complaint.

175. Defendant denies the allegations in Paragraph 175 of Plaintiffs' Amended and Supplemented Complaint.

176. Defendant denies the allegations in Paragraph 176 of Plaintiffs' Amended and Supplemented Complaint.

177. Defendant denies the allegations in Paragraph 177 of Plaintiffs' Amended and Supplemented Complaint.

178. Defendant denies the allegations in Paragraph 178 of Plaintiffs' Amended and Supplemented Complaint.

179. Defendant denies the allegations in Paragraph 179 of Plaintiffs' Amended and Supplemented Complaint.

180. Paragraph 180 of Plaintiffs' Amended and Supplemented Complaint does not call for a response. Defendant denies all actions alleged by Plaintiffs were under color of law.

181. Defendant denies that Plaintiffs are entitled to relief as set forth in Paragraph 181 of Plaintiffs' Amended and Supplemented Complaint.

182. Defendant denies that Plaintiffs are entitled to relief as set forth in Paragraph 182 of Plaintiffs' Amended and Supplemented Complaint.

183. Defendant denies that Plaintiffs are entitled to relief as set forth in Paragraph 183 of Plaintiffs' Amended and Supplemented Complaint.

184. Defendant denies that Plaintiffs are entitled to relief as set forth in Paragraph 184 of Plaintiffs' Amended and Supplemented Complaint.

185. Defendant denies that Plaintiffs are entitled to relief as set forth in Paragraph 185 of Plaintiffs' Amended and Supplemented Complaint.

186. Defendant denies that Plaintiffs are entitled to relief as set forth in Paragraph 186 of Plaintiffs' Amended and Supplemented Complaint.

187. Paragraph 187 of Plaintiffs' Amended and Supplemented Complaint does not call for a separate response.

188. Defendant admits the allegations in Paragraph 188 of Plaintiffs' Amended and Supplemented Complaint but deny that a re-classification is covered by the City Charter.

189. Defendant denies that Plaintiffs are entitled to relief as set forth in Paragraph 189 of Plaintiffs' Amended and Supplemented Complaint.

190. Defendant denies that Plaintiffs are entitled to relief as set forth in Paragraph 190 of Plaintiffs' Amended and Supplemented Complaint.

191. Defendant admits that the Charter does not specifically address re-classification but nothing will prevent Plaintiffs from seeking a hearing before the Civil Service. It is unclear whether the Board will grant such a request.

192. Defendant denies that Plaintiffs are entitled to relief as set forth in Paragraph 192 of Plaintiffs' Amended and Supplemented Complaint.

193. Defendant denies the allegations in Paragraph 193 of Plaintiffs' Amended and Supplemented Complaint.

194. Defendant does not admit that a reclassification is a demotion. Defendant denies that Plaintiffs are denied due process.

195. Defendant denies Plaintiffs are being denied due process.

196.   Defendant denies reclassification is a sham but is based on sound managerial decisions to provide a modern and efficient security plan.   Defendant denies Plaintiffs are being denied due process.

197.   Defendant denies any enmity towards Plaintiffs.   Plaintiffs' subjective beliefs are not supported by any objective evidence.

198.   Defendant denies that Plaintiffs are entitled to relief as set forth in Paragraph 198 of Plaintiffs' Amended and Supplemented Complaint.

199.   Defendant denies that Plaintiffs are entitled to relief as set forth in Paragraph 199 of Plaintiffs' Amended and Supplemented Complaint.

200.   Defendant denies that Plaintiffs' lawyer is entitled to the relief as set forth in Paragraph 200 of Plaintiffs' Amended and Supplemented Complaint.

201.   Paragraph 201 of Plaintiffs' Amended and Supplemented Complaint does not call for a separate response.

202.   Defendant admits that it has conferred Civil Service protection upon Plaintiffs as set forth in Paragraph 202 of Plaintiffs Amended and Supplemented Complaint.

203.   Defendant denies the allegations in Paragraph 203 of Plaintiffs' Amended and Supplemented Complaint.

204.   Defendant denies the Plaintiffs are being deprived substantive or procedural due process.

205.   Defendant denies the allegations in Paragraph 205 of Plaintiffs' Amended and Supplemented Complaint.

206.   Defendant denies the allegations in Paragraph 206 of Plaintiffs' Amended and Supplemented Complaint.

207.    Defendant denies that Plaintiffs are entitled to relief as set forth in Paragraph 207 of Plaintiffs' Amended and Supplemented Complaint.

208.    Defendant denies that Plaintiffs are entitled to relief as set forth in Paragraph 208 of Plaintiffs' Amended and Supplemented Complaint.

209.    Defendant denies that Plaintiffs are entitled to relief as set forth in Paragraph 209 of Plaintiffs' Amended and Supplemented Complaint.

210.    Paragraph 210 of Plaintiffs' Amended and Supplemented Complaint does not call for a separate response.

211.    Paragraph 211 of Plaintiffs' Amended and Supplemented Complaint does not call for a separate response.

212.    Paragraph 212 of Plaintiffs' Amended and Supplemented Complaint does not call for a separate response.

213.    Defendant denies the allegations in Paragraph 213 of Plaintiffs' Amended and Supplemented Complaint. Plaintiff has previously pled that Airport Safety Officers were a separate police department under the control of the Aviation Director.

214.    Defendant denies the allegations in Paragraph 214 of Plaintiffs' Amended and Supplemented Complaint. Plaintiffs have previously pled that Airport Safety Officers were a separate police department under the control of the Aviation Director.

215.    Defendant denies the allegations in Paragraph 215 of Plaintiffs' Amended and Supplemented Complaint.

216.    Defendant admits the allegations in Paragraph 216 of Plaintiffs' Amended and Supplemented Complaint.

217.    Defendant denies the allegations in Paragraph 217 of Plaintiffs' Amended and Supplemented Complaint. Plaintiffs became civil service protected as Airport Safety Officers not as CMPD officers.

218.    Defendant denies the allegations in Paragraph 218 of Plaintiffs' Amended and Supplemented Complaint. Counsel has never voted to remove Plaintiffs from the broad banding pay plan and placing them on to the public safety pay plan.

219.    Defendant denies the allegations in Paragraph 219 of Plaintiffs' Amended and Supplemented Complaint.

220.    Defendant denies the allegations in Paragraph 220 of Plaintiffs' Amended and Supplemented Complaint.

221.    Defendant denies that Plaintiffs are entitled to relief as set forth in Paragraph 221 of Plaintiffs' Amended and Supplemented Complaint.

222.    Defendant admits that Plaintiffs, as Airport Safety Officers, were conferred with civil service protection and denies the remainder of the allegations as set forth in Paragraph 222 of Plaintiffs' Amended and Supplemented Complaint.

223.    Defendant admits that the Charter does not address reclassifications but denies that the reclassification is ultra vires.

224.    Defendant denies that Plaintiffs are entitled to relief as set forth in Paragraph 224 of Plaintiffs' Amended and Supplemented Complaint.

225.    Defendant admits the allegations as set forth in Paragraph 225 of Plaintiffs' Amended and Supplemented Complaint.

226.    Defendant admits that Section 4.61 (u) only applies to demotions for disciplinary or work performance reason.

227.    Defendant admits the allegations as set forth in Paragraph 227 of Plaintiffs' Amended and Supplemented Complaint.

228.    Defendant admits the allegations as set forth in Paragraph 228 of Plaintiffs' Amended and Supplemented Complaint.

229.    City admits that it has primary authority to reclassify employment positions.

230.    Defendant denies the allegations in Paragraph 230 of Plaintiffs' Amended and Supplemented Complaint.

231.    Defendant denies the allegations in Paragraph 231 of Plaintiffs' Amended and Supplemented Complaint.

232.    Defendant denies the allegations in Paragraph 232 of Plaintiffs' Amended and Supplemented Complaint.

233.    Defendant denies that Plaintiffs are entitled to relief as set forth in Paragraph 233 of Plaintiffs' Amended and Supplemented Complaint.

234.    Defendant denies that Plaintiffs are entitled to relief as set forth in Paragraph 234 of Plaintiffs' Amended and Supplemented Complaint.

235.    Paragraph 235 of Plaintiffs' Amended and Supplemented Complaint does not call for a separate response.

236.    Paragraph 236 of Plaintiffs' Amended and Supplemented Complaint does not call for a separate response.

237.    Defendant denies the allegations in Paragraph 237 of Plaintiffs' Amended and Supplemented Complaint.

238.    Defendant denies the allegations in Paragraph 238 of Plaintiffs' Amended and Supplemented Complaint.

239.    Defendant denies the allegations in Paragraph 239 of Plaintiffs' Amended and Supplemented Complaint.  Defendant denies that its actions are punitive.

240.    Defendant denies that Plaintiffs are entitled to relief as set forth in Paragraph 240 of Plaintiffs' Amended and Supplemented Complaint.

241.    Defendant denies that Plaintiffs are entitled to relief as set forth in Paragraph 241 of Plaintiffs' Amended and Supplemented Complaint.

Defendant denies that Plaintiffs are entitled to relief as set forth in their Prayer For Relief Paragraphs 1-15.

## THIRD DEFENSE

Plaintiffs' claims are lacking in factual bases and Plaintiffs are not entitled to the relief requested in their PRAYER FOR RELIEF.

## FOURTH DEFENSE

At all relevant times Defendant by and through it employees acted in good faith, without malice, and with the reasonable belief that all of its actions were consistent with Plaintiffs' rights to equal protection as set forth within the Fourteenth Amendment of the United States Constitution. Plaintiffs have been offered two viable options other than severance.  Upon meeting certain basic requirements Plaintiffs would become regular CMPD officers. In the event an Airport Safety Officer did not opt to become a regular CMPD officer or failed to meet basic requirements, then the Airport Safety Officer could opt to become part of the Civilian Corporate Security force that provided additional compensation and benefits that would make them whole as to the Law Enforcement Supplemental Allowance, 401K plan.  Plaintiffs would be permitted to remain in the CMPD Pledge Fund.

**FIFTH DEFENSE**

Defendant cannot be held liable under 42 U.S.C. § 1983 based solely upon the doctrine of *respondeat superior*. See *Monell v Department of Social Services*, 436 U.S. 658, 694 (1974).

**SIXTH DEFENSE**

No municipal policies, practices or customs caused the Plaintiffs to suffer a constitutional injury.

**SEVENTH DEFENSE**

Plaintiffs are not entitled to the recovery of compensatory damages.

**EIGHTH DEFENSE**

Plaintiffs' claim for damages are barred, reduced, and /or limited pursuant to applicable statutory provisions and common law doctrines regarding limitations on awards, caps on recovery, laches, and setoffs.

**NINTH DEFENSE**

Defendant is a municipality organized under the laws of the State of North Carolina and as such is protected and hereby asserts governmental and/or sovereign immunity, to the extent permitted by applicable laws, as a bar to Plaintiffs' claims against Defendant.

**TENTH DEFENSE**

Plaintiffs do not have the substantive factual and legal bases to petition the Court for declaratory, injunctive or any other equitable relief.

## ELEVENTH DEFENSE

Airport Safety Officers perform different and limited functions than regular CMPD officers and the classification of Airport Safety Officer as a different position with a different pay scale has a rational relationship to legitimate governmental interests.

## TWELFTH DEFENSE

Airport Safety Officers are not similarly situated as to essential job functions and experience as regular CMPD officers or other officers who have full time experience with a municipality, county or state law enforcement agency.

## THIRTEENTH DEFENSE

The Defendant's decision to classify Airport Safety Officers differently than regular CMPD officers for assignments and pay did not turn on a fundamental right or classification and was rationally related to a legitimate governmental interest.

## FOURTEENTH DEFENSE

The Defendant's decision to implement a civilian corporate security force was rationally related to a legitimate governmental interest and did not deprive the Plaintiffs of their right to equal protection guaranteed by the Fourteenth Amendment of the United States Constitution.

## FITEENTH DEFENSE

None of the actions taken by the Defendant were the result of animus directed towards Plaintiffs.

## SIXTEENTH DEFENSE

Defendant did not retaliate in any way against Plaintiffs for the filing this action or for any reason associated with the previous director of the airport.

## SEVENTEENTH DEFENSE

Plaintiffs' civil service protection does not extend to a reclassification process. As such, they have not been denied a property interest without due process as guaranteed by the Fourteenth Amendment.

## EIGHTEENTH DEFENSE

Plaintiffs do not have a property interest in receiving the special supplemental retirement allowance. As such, they have not been denied a property interest as guaranteed by the Fourteenth Amendment.

## NINETEENTH DEFENSE

Defendant's decision to reclassify the Airport Safety Officer Positions was made to further a legitimate public purpose and as such does not deny any the Plaintiffs their rights guaranteed under the Fourteenth Amendment's Due Process Clause or the Equal Protection Clause

## TWENTIETH DEFENSE

Defendant's actions and proposals do not constitute a substantial, unreasonable and unnecessary impairment of contracts. Plaintiffs have been offered two viable options other than

severance. Upon meeting certain basic requirements, Plaintiffs would become regular CMPD officers. In the event an Airport Safety Officer did not opt to become a regular CMPD officer or failed to meet basic requirements, then the Airport Safety Officer could opt to become part of the Civilian Corporate Security force that provided additional compensation and benefits that would make them whole as to the Law Enforcement Supplemental Allowance, 401K plan. Plaintiffs would be permitted to remain in the CMPD Pledge Fund.

## TWENTY-FIRST DEFENSE

Defendant reserves the right to plead as additional affirmative defenses, any of the items set forth in Rules (8) (c) and 12 of the Federal Rules of Civil Procedure and all statutory and case law precedent and any other matter constituting an avoidance or affirmative defense as the same may be revealed during disclosure and/or discovery proceedings in this matter.

WHEREFORE, Defendant requests the following relief:

1. That Plaintiffs have and take nothing;

2. That Plaintiffs' Complaint be dismissed with prejudice;

3. That the costs for defending this action, including, but not limited to, reasonable attorney's fees be assessed against Plaintiffs and awarded to Defendant; and

4. For such other relief as the Court may deem just and proper.

Respectfully submitted, this 10th day of July, 2014.

**OFFICE OF THE CITY ATTORNEY**

By: /s Mark H. Newbold

Mark H. Newbold
N.C. Bar #26296
Deputy City Attorney-Police
Attorney for Defendant
601 East Trade Street
Charlotte, N. C., 28202
704 336 4977
mnewbold@cmpd.org

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that the foregoing ANSWER was served by the ECF system and/or e-mail to Plaintiffs' counsel:

S. Luke Largess
TIN FULTON WALKER & OWEN, PLLC
301 East Park Avenue
Charlotte, North Carolina 28203

This, the 10th day of July, 2014.

**OFFICE OF THE CITY ATTORNEY**

/s Mark H. Newbold

Mark H. Newbold
N.C. Bar #26296
Deputy City Attorney-Police
Attorney for Defendant
601 East Trade Street
Charlotte, N.C., 28202
704 336 4977
mnewbold@cmpd.org